UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANTHONY O. BROWN | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 4492 |
| | ) |
| UNITED STATES PATENT AND | ) |
| TRADEMARK OFFICE | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MARVIN E. ASPEN, District Judge:

Presently before us is Defendant United States Patent and Trademark Office's ("PTO") motion for summary judgment on Plaintiff Anthony Brown's Freedom of Information Act ("FOIA") claim. For the reasons discussed below, we grant the motion.

## BACKGROUND

This dispute centers around PTO documents pertaining to the re-examination of United States Patent No. 6,215,754 (the "754 patent"). Under federal regulations, the Director of PTO may, on his own initiative, order the re-examination of issued patents. 37 C.F.R. § 1.520. On January 24, 2002, the Director ordered the re-examination of the 754 patent.

In February 2002, Plaintiff made a FOIA request to PTO seeking a copy of all non-public material related to the re-examination of the 754 patent. 5 U.S.C. § 552. In response, PTO identified a total of twelve responsive documents. However, before disclosing them to Plaintiff, PTO redacted significant portions of these documents, claiming that the redacted material was exempt from disclosure pursuant to FOIA Exemption 5. 5 U.S.C. § 552(b)(5). Plaintiff appealed this decision to the Deputy General Counsel of PTO, and the appeal was rejected. Plaintiff then filed the present action, seeking

judicial review of PTO's decision to redact certain documents and an order compelling the production of the redacted material.

In its present motion for summary judgment, PTO has submitted, under seal, the withheld and redacted material as Exhibit L. The parties have requested that we conduct an *in camera* review of this material in order to decide whether it falls within FOIA Exemption 5. 5 U.S.C. § 552(b)(5).

## ANALYSIS

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). As is typically true in FOIA cases, the facts here are not in dispute. Rather, the sole question is a legal one: whether the PTO properly withheld certain material pursuant to Exemption 5.

FOIA was designed to allow public access to government documents. *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 151 (1989). It therefore requires a federal agency to disclose documents in its possession, upon request, unless the documents fall within a statutory exemption. 5 U.S.C. § 552(a), (b); *Enviro Tech Int'l, Inc. v. United States Envtl. Prot. Agency*, 371 F.3d 370, 374 (7th Cir. 2004). Such exemptions are to be narrowly construed, however, and the government agency bears the burden of showing by a preponderance of the evidence that the withheld or redacted material is exempt. *Id.* (citations omitted).

"Exemption 5 of FOIA exempts from mandatory disclosure communications that are 'inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.'" *Id.* (quoting 5 U.S.C. § 552(b)(5)). Therefore, when a private litigant could not obtain these records from the agency in discovery, the agency is free to withhold or redact these records in response to a FOIA request. *Id.* (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975)). Thus, civil discovery rules are relevant in determining whether

particular agency documents fall within Exemption 5. *Id.* (citation omitted). Against this backdrop, Exemption 5 has incorporated the deliberative process privilege. *Id.* Simply stated, this rule exempts from disclosure those documents that reflect the deliberative or policy-making processes of governmental agencies. *Id.* (citations omitted). To fall within the deliberative process privilege, the material in question must satisfy two prongs: (1) it must be predecisional, that is the material must be "antecedent to the adoption of an agency policy"; and (2) it must be deliberative, that is "actually . . . related to the process by which policies are formulated." *Id.* (quoting *Jordan v. United States Dep't of Justice*, 591 F.2d 753, 774 (D.C. Cir. 1978) (en banc)).

After reviewing the withheld and redacted material *in camera*, we easily conclude that these records fall within Exemption 5 and are therefore exempt from disclosure. These records all predate the January 24, 2002 re-examination order of the 754 patent, and, thus, they are clearly predecisional. Moreover, all of the redacted material reflects an internal policy-making dialogue as to whether the Director should order a re-examination of the 754 patent. These records are predecisional recommendations up the bureaucratic chain that necessarily include the opinions and rationales of the authors. It is precisely these types of records that the deliberative process exemption is designed to protect. This conclusion is further supported by the fact that PTO disclosed the purely factual material from these records to Plaintiff. Only the opinions and recommendations of the respective authors the deliberative portions of the records–have been redacted. Accordingly, because PTO has met its burden of showing that the redacted portions are both predecisional and deliberative, this material is exempt from disclosure. PTO's motion for summary judgment is granted.

## CONCLUSION

For the foregoing reasons, we grant PTO's motion for summary judgment. It is so ordered.

*[signature: Marvin Aspen]*

MARVIN E. ASPEN
United States District Judge

Dated _____